**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXSANDAR CVIJETINOVIC, | ) | CASE NO. 1:04CV2555 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE O'MALLEY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| MICHELLE EBERLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Petitioner, Alexsandar Cvijetinovic ("Cvijetinovic"), challenges the constitutionality of his conviction in the case of *State v. Cvijetinovic*, Case Nos. 368577-79.  Cvijetinovic, through counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on December 29, 2004 with the United States District Court for the Northern District of Ohio.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, the Magistrate Judge recommends Cvijetinovic's petition (Doc. No. 1) be DENIED.

## I.  Procedural History

### A.        Conviction and Initial Sentencing ("Cvijetnovic I")

The Cuyahoga County Grand Jury returned three separate indictments charging Cvijetinovic with: one count of intimidation in violation of Ohio Revised Code ("O.R.C.") § 2921.04 (Case No. 368577) ("the intimidation case"); two counts of attempted aggravated robbery in violation of O.R.C. § 2911.01, with firearm specifications (Case No. 368578) ("the first robbery case"); two counts of aggravated robbery in violation of O.R.C. § 2911.01, with firearm specifications (Case No. 368579) ("the second robbery case"); one count of receiving stolen property in violation of O.R.C. § 2913.51, with a firearm specification (Case No. 368579); and one count of possession of drugs in violation of § O.R.C. 2925.11 (Case No. 368579).  (Doc. No. 11, Exhs. 1-3.)

Cvijetinovic pled guilty to the intimidation count, the two counts of attempted aggravated robbery with firearm specifications in the first robbery case, and the two counts of aggravated robbery with firearm specifications in the second robbery case.  (Doc. No. 11, Exhs. 4-6.)  By recommendation of the prosecutor, the trial court nolled the counts on receiving stolen property and possession of drugs.  (Doc. No. 11, Exh. 6.)

The trial court sentenced Cvijetinovic to: four years imprisonment for the intimidation count, to run concurrent to the terms in the first robbery case and consecutive to the terms in the second robbery case; one year imprisonment for the firearm specification in the first robbery case, to run "consecutive and prior to" concurrent terms of six years imprisonment for each attempted aggravated robbery count; and three years imprisonment for the firearm specification in the second robbery case, to run "consecutive and prior to" concurrent terms of nine years

2

imprisonment for each aggravated robbery count.  (Doc. No. 11, Exhs. 7-9.)

### B.   Delayed Appeal

On July 12, 2002, Cvijetinovic filed a Motion for Leave to File a Delayed Appeal in the

Court of Appeals.  (Doc. No. 11, Exh. 11.)  The Court of Appeals granted Cvijetinovic's motion.

(Doc. No. 11, Exh. 13.)  On February 6, 2003 (journalized February 18, 2003), the Court of

Appeals found Cvijetinovic's guilty plea valid and affirmed his conviction, but reversed and

remanded the case for resentencing.  (Doc. No. 11, Exh. 16.)

On July 12, 2004, Cvijetinovic filed an application for reconsideration pursuant to App.

R. 26(A) in the Court of Appeals.  (Doc. No. 11, Exh. 17.)  On July 16, 2004, the Court of

Appeals denied Cvijetinovic's application.  (Doc. No. 11, Exh. 18.)

### C.   Rule 26(B) Application

On September 30, 2004, Cvijetinovic filed an Application to Reopen his appeal based on

ineffective assistance of appellate counsel pursuant to App. R. 26(B) in the Court of Appeals.

(Doc. No. 11, Exh. 19.)  On January 31, 2005, the Court of Appeals denied Cvijetinovic's

application.  (Doc. No. 11, Exh. 21.)

On March 8, 2005, Cvijetinovic appealed to the Ohio Supreme Court.  (Doc. No. 11,

Exh. 22.)  On April 27, 2005, the Ohio Supreme Court declined jurisdiction and dismissed the

appeal as not involving any substantial constitutional question.  (Doc. No. 15.)

### D.   Resentencing ("Cvijetinovic II")

On March 14, 2003, prior to resentencing, Cvijetinovic filed a motion to withdraw his

guilty pleas.  (Doc. No. 11, Exh. 23.)  On April 15, 2003, the trial court denied Cvijetinovic's

motion.  (Doc. No. 11, Exh. 25.)  The trial court imposed the same sentence upon resentencing.

3

(Doc. No. 11, Exhs. 26-28.)

On August 8, 2003, Cvijetinovic appealed to the Court of Appeals.  (Doc. No. 11, Exh. 30.)  On December 24, 2003 (journalized January 14, 2004), the Court of Appeals affirmed the trial court's judgment.  (Doc. No. 11, Exh. 35.)

On January 5, 2004, Cvijetinovic filed an Application for Reconsideration in the Court of Appeals.  (Doc. No. 11, Exh. 36.)  On January 14, 2004, the Court of Appeals denied Cvijetinovic's application.  (Doc. No. 11, Exh. 37.)

On February 23, 2004, Cvijetinovic appealed to the Ohio Supreme Court.  (Doc. No. 11, Exh. 38.)  On May 26, 2004, the Ohio Supreme Court declined jurisdiction and dismissed Cvijetinovic's appeal as not involving any substantial constitutional question.  (Doc. No. 11, Exh. 40.)

On August 13, 2004, Cvijetinovic filed a Petition for Writ of Certiorari in the United States Supreme Court.  On October 12, 2004, the Supreme Court denied the petition.  (Doc. No. 11, Exh. 41.)

**E.**     **Federal Habeas Petition**

On December 29, 2004, Cvijetinovic filed a Petition for Writ of Habeas Corpus, asserting the following four grounds for relief:

> GROUND ONE: Sixth and Fourteenth Amendments.
>
> <u>Supporting Facts</u>: Petitioner was denied his constitutional rights guaranteed by the Sixth and Fourteenth Amendments when Petitioner, who was a first offender, was sentenced to more than a minimum sentence based on facts neither alleged in the indictment, found by a jury, nor admitted by Petitioner.

4

GROUND TWO: Fourteenth Amendment.

Supporting Facts: Petitioner was denied due process of law when Petitioner timely sought to withdraw his plea of guilty. The court did not conduct a hearing on the motion to withdraw his plea where Petitioner alleged his plea resulted from constitutional violations.

GROUND THREE: Sixth and Fourteenth Amendments.

Supporting Facts: Petitioner was denied effective assistance of counsel when he entered pleas based upon misrepresentations by his counsel, where his counsel failed to render effective assistance of counsel.  Petitioner's plea of guilty was also based on misrepresentations made by the court.

GROUND FOUR: Sixth and Fourteenth Amendments.

Supporting Facts: Petitioner was denied a fair tribunal where the court relied on matters outside the record in imposing a sentence. Moreover, the court improperly sentenced Petitioner to consecutive
terms of imprisonment where the court did not articulate its reasons for such a sentence.  Petitioner, being a first offender was entitled to no more than a minimum sentence.  However, he was sentenced to a term of sixteen years.

(Doc. No. 1.)

## II. ANALYSIS

**A.      Ground One: Imposition of More than the Minimum Sentence**

In his first ground for relief, Cvijetinovic claims he was denied his Sixth and Fourteenth Amendment rights when the trial court sentenced him, a first time offender, to a sentence above the minimum based on facts not alleged in the indictment, not found by a jury, nor admitted by him.   The Respondent asserts that Cvijetinovic failed to exhaust this claim and that the claim is procedurally defaulted because he failed to raise it as a constitutional issue on direct appeal.

5

## 1.    Exhaustion

Federal habeas claims that have not been presented to the state courts or have been presented improperly to the state court generally are not cognizable on federal habeas review.  A petitioner's failure to present a federal claim to the state courts for initial resolution involves an issue of exhaustion of state court remedies.  Invoking principles of comity and federalism, federal courts have long required state prisoners to exhaust the "available state remedies" before addressing the merits of a federal claim on federal habeas review.  *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims."  *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986).  To determine whether a claim has been "fairly presented," a court examines whether the petitioner: "(1) reli[ed] upon federal cases employing constitutional analysis; (2) reli[ed] upon state cases employing federal constitutional analysis; (3) phras[ed] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law."  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000)(citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)).  In *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), the Supreme Court explained:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for is claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the

6

claim "federal."

However, "general allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681.

In the instant action, Cvijetinovic did not fairly present the claim asserted in Ground One. On direct appeal of the resentencing, Cvijetinovic asserted that he was denied due process of law when he was sentenced to more than the minimum sentence.  (Doc. No. 11, Exh. 30, p. 22.) However, this proposition was framed squarely in terms of state law, relying solely on state case law analyzing the state sentencing statute, O.R.C. § 2929.14(B).[1]  Cvijetinovic made no attempt to set forth a constitutional argument besides a fleeting mention of "due process" in the proposition of law.   As such, the state court did not have a fair opportunity to review Ground One and this claim has not be exhausted.

Rather than dismiss certain claims the Court deems unexhausted, however, a habeas court need not wait for exhaustion if it determines that a return to state court would be futile. *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir.2001).  In circumstances where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  *Buell v. Mitchell*, 274 F.3d 347,  349 (2001).  For the reasons stated in Section II.A.2 of this Report and Recommendation, Cvijetinovic's claim that he was sentenced to more than the minimum in violation of the Sixth and Fourteenth Amendments is procedurally defaulted.

---

[1] The only case cited in support of this ground on appeal is *Ohio v. Edmonson*, 86 Ohio St.3d 324 (1999).  The Ohio Supreme Court does not rely or even mention federal constitutional law in this decision.

7

2.        **Procedural Default**

a.        **Standard for Procedural Default**

Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law, and the state courts impose the procedural bar of refusing to review the merits of the alleged error.  Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence.  *Coleman,* 501 U.S. at 729-32.

However, the procedural default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Specifically, the Sixth Circuit's *Maupin* decision sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule.  First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it.  *Id.* at 138.  Second, the court must decide whether the state courts actually enforced its procedural sanction.  *Id.*  Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim.  Such a rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling.  *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 (1977), that there was "cause" for him to neglect the procedural rule and that

8

he was actually prejudiced by the alleged constitutional error. *See also Coleman*, 501 U.S. at

750 ("In all cases in which a state prisoner has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as

a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice").

### b.    *Res Judicata*

In the instant action, Respondent asserts that Cvijetinovic's claim that he was sentenced

to more than the minimum term in violation of the Sixth and Fourteenth Amendments is

procedurally defaulted because it was not raised as a constitutional claim and thus not fairly

presented, and is now barred under the doctrine of *res judicata*.

Under Ohio law, all claims that were known or should have been known by the defendant

at the time of trial or direct appeal must be raised on direct appeal from the judgment of

conviction.  Ohio provides an avenue of relief, namely post-conviction review, for those claims

that were unknown, or could not reasonably have been known, to the defendant until after the

judgment of conviction. Ohio's post-conviction relief statute, O.R.C. § 2953.21, provides in

pertinent part:

> Any person who has been convicted of a criminal offense or adjudicated a
> delinquent child and who claims that there was such a denial or
> infringement of the person's rights as to render the judgment void or
> voidable under the Ohio Constitution or the Constitution of the United
> States . . . may file a petition in the court that imposed sentence, stating the
> grounds for relief relied upon, and asking the court to vacate or set aside the
> judgment or sentence or to grant other appropriate relief. The petitioner may
> file a supporting affidavit and other documentary evidence in support of the
> claim for relief.

*Id.*

This statute has long been interpreted to bar post-conviction consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not.  *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994).  The *Perry* Court stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry,* at syllabus para. 9.

This doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal, as well as to constitutional claims that could have been raised in any post conviction proceeding.  *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994)) (holding that post-conviction relief is not available by virtue of the doctrine of *res judicata* to address constitutional claims that could have been raised on direct appeal from the conviction and sentence).  In such a situation, a petitioner is considered to have waived the claim for federal habeas purposes "unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The Sixth Circuit has explicitly recognized *res judicata* as an adequate and independent basis for procedural default.  *Norris*, 146 F.3d at 332; *Rust*, 17 F.3d at 161.

In the instant case, Cvijetinovic failed to raise a claim that he was sentenced to more than

the minimum sentence in violation of his federal constitutional rights on direct appeal.  As such, under *Perry*, he is barred from raising this claim in state court and may only overcome this procedural bar if he can show cause for this deficiency.

### c.       Cause

In the instant action, Cvijetinovic does not cite any "cause" for his procedural default. For the purposes of this Report and Recommendation, the Court will assume that Cvijetinovic's alleged cause for this default is that the case upon which he relies as the basis for his constitutional argument in his habeas corpus petition, that is, *Blakely v. Washington*, 542 U.S. 296 (2004), was not issued at that time he submitted briefs to the Court of Appeals and the Ohio Supreme Court.[2]  Even giving Cvijetinovic the benefit of the doubt, this lack of precedent does not provide sufficient cause for his procedural default because the legal foundation for *Blakely* was established at the time of Cvijetinovic's direct appeal by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Apprendi* involved judicial enhancement of a state sentence beyond that prescribed by statute for the underlying offense, based upon a judicial finding that defendant had committed a hate crime. The *Apprendi* Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

The *Blakely* Court extended the holding in *Apprendi* by defining the "statutory maximum" as the maximum sentence that a judge may impose "solely on the basis of the facts

---

[2] *Blakely* was decided on June 24, 2004.  The Ohio Supreme Court declined jurisdiction and dismissed Cvijetinovic's appeal on May 26, 2004.

reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Blakely*, the defendant pleaded guilty to kidnaping his estranged wife. Although the facts admitted in the defendant's plea supported a maximum sentence of fifty-three months for the offense, the judge imposed a ninety-month sentence after finding that the defendant acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range. The Supreme Court held that the sentence violated the defendant's Sixth Amendment right to trial by jury because the facts supporting the "deliberate cruelty" finding were neither admitted by him nor found by a jury. *Id.*

The Court agrees with the reasoning of the Seventh Circuit with respect to a similar claim under *Apprendi*:

> . . . the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. *See Bousley v. United States*, 523 U.S. 614 (1998); *Engle* [v. *Isaac*], 456 U.S. [107,] 130 n. 35 [ (1982) ] (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and [the petitioner] does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate *Apprendi*; no such argument would be tenable.) The lack of any reasonable legal basis for a claim may constitute "cause," *see Reed v. Ross*, 468 U.S. 1, 16 (1984), but the foundation for *Apprendi* was laid long before 1992. Other defendants had been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being, and in *McMillan v. Pennsylvania*, 477 U.S.79 (1986), the Court addressed on the merits an argument along similar lines. [The petitioner] could have invoked the themes in *McMillan*, and for that matter *In re Winship*, 397 U.S.358 (1970), just as the Justices themselves did in *Apprendi*. *See Garrott v. United States*, No. 99-2921, [238 F.3d 903] (7th Cir. Jan.30, 2001). Thus [the petitioner] has not established cause . . . .

*United States v. Smith*, 241 F.3d 546, 548-49 (7th Cir. 2001); *see also McCoy v. United States*,

266 F.3d 1245, 1258-59 (11th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 145-46 (4th Cir. 2001).

Similarly, as *Blakely's* holding is an extension of *Apprendi* and the legal foundation for Cvijetinovic's argument existed prior to *Blakely*, his failure to raise a Sixth Amendment argument with regard to his sentencing above the statutory minimum does not constitute cause and does not excuse his procedural default.  Therefore, this ground should be dismissed.

**B.      Ground Two: Denial of Hearing and Withdrawal of Guilty Plea**

In Ground Two, Cvijetinovic asserts that he was denied due process of law when the Cvijetinovic II sentencing court did not conduct a hearing on his motion to withdraw his plea. Cvijetinovic filed a motion to withdraw his guilty plea upon remand to the trial court for resentencing.  The trial court denied this motion.  Cvijetinovic then raised this claim on direct appeal of the resentencing.  The Court of Appeals rejected this argument.

In dismissing this claim, the Court of Appeals found that the trial court properly declined to consider Cvijetinovic's motion to withdraw because the trial court: (1) lost jurisdiction when the Court of Appeals affirmed Cvijetinovic's guilty plea in *Cvijetinovic I*; and (2) would not have had discretion to disregard the Court of Appeals' judgment and extend or vary its mandate.

The Court of Appeals expressly relied on and applied two procedural bars in dismissing Cvijetinovic's claim.  First, the Court of Appeals applied a state procedural rule set forth in *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97 (1978), in which the Ohio Supreme Court held that the trial court does not have jurisdiction to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and affirmation by the appellate court.  Second,

13

the Court of Appeals relied on the "law of the case" doctrine.  Under this doctrine in Ohio, the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.  *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

Cvijetinovic claims that the Court of Appeals erred in dismissing his claim because: he did not file a motion to withdraw his plea before his first appeal; he did not have a hearing on the motion to withdraw; he advanced additional grounds in his motion to withdraw; and the Court of Appeals failed to follow its own decision in *State v. Douse*, Cuyahoga App. No. 82008, 2003-Ohio-5238 (2003).  However, this Court defers to the Court of Appeals' reliance and application of the procedural bar in denying Cvijetinovic's claim.  *See Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988) (federal courts must defer to a state court's interpretation of its own laws and procedures); *see also Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (principles of comity require federal courts to defer to a state's judgment on issues of state procedural law).

Cvijetinovic also claims that the Court of Appeals does not regularly follow the procedural bar.  Cvijetinovic relies on *State v. Douse*, Cuyahoga App. No. 82008, 2003-Ohio-5238 (2003).  In *Douse*, after the Court of Appeals granted the defendant a resentencing hearing but prior to such hearing, the defendant filed a motion to withdraw his plea in the trial court.  The trial court denied the defendant's motion without a hearing.  Upon appeal, the Court of Appeals found that *res judicata* did not prevent the defendant from filing his motion and held that the trial court erred in denying his motion without a hearing.  The Court of Appeals reasoned the defendant's motion should have been considered a pre-sentence motion.  However, as the Court of Appeals noted in Cvijetinovic's appeal, *Douse* is distinguishable from Cvijetinovic's

14

case.  In *Douse*, the Court of Appeals did not enter a judgment regarding the validity of the defendant's guilty plea prior to remanding it for resentencing.  Here, on the other hand, the Court of Appeals entered judgment on Cvijetinovic's guilty plea before remanding for resentencing. Therefore, the decisions are not inconsistent.  Moreover, Cvijetinovic's reliance on one case fails to show that the Court of Appeals does not regularly follow this procedural rule.[3]

Alternatively, in an attempt to excuse the default, Cvijetinovic claims that enforcing the default would result in a miscarriage of justice due to trial counsel's deficient performance. Cvijetinovic relies on *Gravley v. Mills*, 87 F.3d 779 (6th Cir. 1996).  In *Gravely*, although the petitioner procedurally defaulted his claim of prosecutorial misconduct, the court addressed the claim because it found cause for the default through counsel's deficient performance.  However, *Gravley* is distinguishable from the instant action.  In *Gravley*, the petitioner raised an ineffective assistance of counsel claim in state court, and, therefore exhausted such claim before using it as cause for the procedural default of another claim in federal court.  Here, on the other hand, Cvijetinovic did not fairly present an ineffective assistance of trial counsel claim to the state courts.  In the motion to withdraw his plea filed in the trial court, Cvijetinovic argues that his counsel was deficient.  However, as the Court of Appeals ruled, the trial court did not have jurisdiction to consider that motion.  Moreover, Cvijetinovic did not present an ineffective assistance of trial counsel claim to the Court of Appeals.  Due to Cvijetinovic's failure to exhaust the ineffective trial counsel claim in the state courts, this Court will not consider any deficient

---

[3] Cvijetinovic also argues that *res judicata* is not a rule that the courts apply properly or uniformly because he never had a full hearing on the merits.  However, Cvijetinovic does not cite any state case law showing that the procedural bar applied in his case is not regularly followed in other cases with the same facts.

15

counsel arguments for cause to excuse the default on another claim.  *See Murray v. Carrier*, 477 U.S. 478, 489 (1986) (the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default); *see also Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (an ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted).  Accordingly, this claim should be dismissed.[4]

### C.    Ground Three: Misrepresentations By Counsel and Court

In his third ground for relief, Cvijetinovic claims: (1) he was denied ineffective assistance of trial counsel when he entered his guilty plea due to misrepresentations made by counsel regarding judicial release; and (2) his plea was based also on misrepresentations by the trial court.

### 1.    Ineffective Assistance of Counsel

As this Court previously addressed, Cvijetinovic has not exhausted this claim.  *See*

---

[4] This claim is also noncognizable for federal habeas review.  Although Cvijetinovic claims he raised constitutional violations in his motion to withdraw his plea that rendered his plea unknowing and involuntary, the basis of his claim before this Court is that he was denied due process when the trial court failed to conduct a hearing on his motion to withdraw.  However, a defendant does not have a federal constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea.  *See Hines v. Miller*, 318 F.3d 157, 162 (2d Cir. 2003) (The failure to hold an evidentiary hearing on a motion to withdraw a plea does not offend a deeply rooted or fundamental principle of justice).  Further, a defendant does not have an absolute right to withdraw a plea of guilty and permission to do so rests in the sound discretion of the trial judge.  *See U.S. ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir. 1970).

Section II.B, *supra*.  Further, this claim is procedurally defaulted because Cvjetinovic does not have any state court remedy available to exhaust this claim.  *See* II.A. *supra*.  Accordingly, this claim should be dismissed.

**2.**      **Misrepresentations by the Trial Court**

Cvjetinovic claims that the trial court misinformed him regarding judicial release.  Cvjetinovic presented this claim to the Court of Appeals.  The Court of Appeals found that the trial court did not mislead Cvjetinovic during the plea colloquy, but reversed and remanded the case for the limited purpose of resentencing.  Although Cvjetinovic did not appeal the Court of Appeals' decision to the Ohio Supreme Court, he may pursue a delayed appeal in the Ohio Supreme Court and attempt to exhaust this claim.  Due to Cvjetinovic's available state remedy, this Court will address the merits of this claim.

**a.**      **Standard of Review under the AEDPA**

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Cvjetinovic filed his habeas petition after the effective date of AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the

17

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Federal courts are bound by a state court's determination of a petitioner's claims, unless the decision by the state court involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), the Supreme Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Stated differently, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court noted that the term "unreasonable" is "no doubt difficult to define," but the Court did not expound on the word's meaning in this context, instead stating that "it is a common term in the legal world, and, accordingly, federal judges are familiar with its meaning." *Id*. at 410. The Sixth Circuit interprets the *Williams* test to mean if a court "believe[s] that a state court incorrectly applied federal law, [it] must refuse to issue the writ of habeas corpus if [it] finds that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

### b.    Review on the Merits

As part of his third ground for relief, Cvijetinovic claims that he did not enter his plea knowingly, intelligently, and voluntary because the trial court misinformed him about judicial

release.  The trial court informed Cvijetinovic and his co-defendant of the possible sentences for each charge and indicated that the aggravated robbery charges are non-probationable charges. Cvijetinovic stated that he understood.  The court explained to Cvijetinovic that "any time imposed by the court is the time [he] will actually serve" and that " if the court says ten years, [he] will serve ten years."  (Doc. No. 11, Exh. 10, p. 13.)   The trial court subsequently asked, "Do you understand that judicial release may not be, you may not be eligible for that until after serving five years of the sentence?"  (*Id.* at 14.)  Cvijetinovic claims that he would not have pled guilty but for the court's statement regarding judicial release.  Cvijetinovic claims he is not eligible for judicial release under state law.

In denying this claim, the Court of Appeals found that the trial court did not mislead Cvijetinovic because the court told him he "may" be eligible for judicial release.   The Court of Appeals also found that even if the trial court misstated the law, it would not form a basis for invalidating Cvijetinovic's plea.  The Court of Appeals found Cvijetinovic's assertion, *i.e.*, he would not have pled guilty but for the court's statement, meritless because he did not immediately ask for clarification or ask to withdraw his plea.

A guilty plea is valid if it is entered voluntarily, knowingly, and intelligently.  *Brady v. U.S.*, 397 U.S. 742, 748 (1970).  The record should reflect a full understanding of the direct consequences of a guilty plea so that the plea represents a voluntary and intelligent choice among alternatives.  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Significantly, the defendant must be aware of the maximum sentence that could be imposed.  *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  Additionally, the defendant must be informed about any mandatory minimum sentences that  may impact the defendant's decision to plead guilty.  *See*

19

*U.S. v. Stubbs*, 279 F.3d 402, 412 (6th Cir. 2002).  The propriety of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea.  *Brady*, 397 U.S. at 748-749.

In the instant action, Cvijetinovic relies on *Hart v. Marion Correctional Institution*, 927 F.2d 256 (6th Cir. 1991).  In *Hart*, before the defendant pled guilty, the trial court incorrectly informed him that the maximum period he could serve was fifteen years.  However, the trial court sentenced the defendant to a period of thirty to seventy-five years.  The appellate court in *Hart* found the plea invalid because the trial court failed to inform the defendant of the actual minimum and maximum sentence before he pled guilty.

Cvijetinovic also relies on *U.S. v. Stubbs*, 279 F.3d 402, 412 (6th Cir. 2002).  In *Stubbs*, the defendant pled guilty to an offense, and the agreement stated that this offense required a mandatory minimum consecutive term of sixty months' imprisonment.  However, the court in *Stubbs* held the defendant's plea was not knowing and voluntary because the offense to which the defendant pled guilty did not require a mandatory sixty month sentence and the defendant, in fact, was sentenced under another statute.  The court determined that it was reasonably possible that, but for the misinformation as to the defendant's proper statutory sentence, the defendant would not have pleaded guilty.

However, these cases are distinguishable from the instant action.  In *Hart* and *Stubbs*, the defendants clearly were misinformed as to the minimum or maximum sentences.  Here, the trial court correctly informed Cvijetinovic of the minimum and maximum sentence for each charge. Moreover, the court clearly expressed that he would have to serve the whole amount of time it imposed and stated that the aggravated robbery charges were non-probationable offenses. Cvijetinovic stated that he understood he would actually have to serve ten years if the court

20

imposed ten years and the aggravated robbery charges were non-probationable offenses. Cvijetinovic did not ask for clarification after the court's statement on judicial release.  The record supports a finding that Cvijetinovic understood the consequences of his plea and entered his plea voluntarily, knowingly and intelligently.  Thus, the Court of Appeals' decision is not contrary to, nor an unreasonable application of clearly established federal law.  Accordingly, this claim should be dismissed.

      **D.      Ground Four: Reliance on Matters Outside the Record; Sentencing to Consecutive Terms; and Sentencing to More than the Minimum**

In his fourth ground for relief, Cvijetinovic claims that he was denied a fair tribunal when the court: (1) relied on matters outside the record in imposing sentence; (2) improperly sentenced him to consecutive terms without articulating its reasons for such a sentence; and (3) improperly sentenced him to a sentence above the minimum although he was a first-time offender.  Claim (3), that he was sentenced above the minimum, is also raised in Ground One of his petition and should be dismissed for the reasons stated in Section II.A of this Report and Recommendation. The remaining claims (1) and (2) also should be dismissed for the reasons set forth below.

      **1.      Reliance on Matters Outside the Record**

Respondent alleges that Cvijetinovic procedurally defaulted the portion of the claim regarding the trial court's reliance on information outside of the record.  In dismissing this portion of the claim, the Court of Appeals noted that Cvijetinovic failed to object to the court's alleged error and, therefore waived his right to raise the issue on appeal.  The Court of Appeals reviewed the claim for plain error.

The Court of Appeals expressly relied upon and enforced the contemporaneous objection

21

rule, a state procedural bar to dismiss this claim.  The Court of Appeals' plain error review does not excuse the court's reliance on the state procedural rule in dismissing the claims.  *See Scott v. Mitchell*, 209 F.3d 854, 868 (6th Cir. 2000).  Further, the Sixth Circuit has held the contemporaneous objection rule is an "adequate and independent" state ground.  *Id.* at 869.  Cvijetinovic has not shown cause or prejudice for his default.  Accordingly, the portion of Cvijetinovic's claim regarding the trial court's reliance on matters outside the record in imposing sentence should be dismissed.

### 2.     Sentencing to Consecutive Terms

#### a.     Claim Not Cognizable

Cvijetinovic claims that the trial court improperly sentenced him to consecutive prison terms without making findings and articulating the reasons for the sentence imposed.  However, this claim is noncognizable for federal habeas review.  *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (unpublished).

A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  *See id.* A perceived error of state law is characterized by the petitioner's reliance on state statutory or case law to assert his claim.  *See Estelle v. McGuire*, 502 U.S. at 68.  However, if the error is so egregious as to amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition.

22

In the instant action, Cvijetinovic's claim that he was improperly sentenced to consecutive terms makes no mention of a constitutional violation.  Instead, Cvijetinovic argues that the trial court did not comply with state law in sentencing him.  Cvijetinovic sites only state case law and statutes in support for his argument.  As such, this claim is not properly before this Court.  Nevertheless, this Court will review this claim for a due process violation.

> **b.**   **Review on the Merits**

Cvijetinovic claims that the trial court did not comply with the statutory mandate in imposing consecutive sentences.[5]  Cvijetinovic claims that the court did not make appropriate

---

[5] O.R.C 2929.14(E)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In addition, O.R.C § 2929.19(B)(2)(c)  requires the trial court to give its reasons for imposing the consecutive sentences.

findings but only recites the statutory criteria. Cvijetinovic fails to establish that the trial court's sentence was so fundamentally unfair as to violate his due process rights.

The trial court stated:

> [T]his is the worst form of the offense, threatening her, and that a consecutive sentence on that . . . is necessary to protect the public from future crime and to punish you.  And sixteen years is not disproportionate to the seriousness of this conduct - putting people in fear of their lives - well five people; two females in the stores plus [the victim of the intimidation charge], two men - five people in fear of their lives.  And, the harm caused by these offenses is so great and unusual that no single prison term would adequately reflect the seriousness of your continued conduct.

(Doc. No. 11, Exh. 29, pp. 20-21.)  In imposing consecutive sentences, the trial court also reasoned that Cvijetinovic: committed the robberies only one night apart; admitted he was high on drugs and alcohol when he committed the crimes; admitted to using drugs and alcohol daily for four or five years prior to the crimes, a fact that affected the credibility of letters submitted on his behalf of people that knew him during this time; was captured as a result of his "braggadocio;" and threatened to have his girlfriend killed for giving police information causing her to fear for her life.  (Doc. No. 11, Exh. 29, pp. 19-23.)

The trial court's imposition of consecutive sentences did not violate Cvijetinovic's due process rights.  The trial court did not just recite the statutory language; it complied with state law and provided reasoning for the sentence.  Therefore, this part of Cvijetinovic's  claim should be dismissed.

### V.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Cvijetinovic's Petition for

Writ of Habeas Corpus (Doc. No. 1) be DENIED.


s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE


Date:   April 14, 2006


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

25