UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALEXSANDAR CVIJETINOVIC,** | : | **Case No. 04CV2555** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **MICHELLE EBERLIN, Warden** | : | <u>**ORDER**</u> |
| | : | |
| **Respondent.** | : | |

This case arises on the Respondent's *Motion for Stay of Court's March 31, 2008 Judgment*. (ECF Doc. 30.)  The Respondent requests that the Court issue an Order staying its March 31, 2008 Order (ECF Doc. 25) granting the Petitioner, Alexsandar Cvijetinovic ("Cvijetinovic"), a writ of habeas corpus unless the state re-sentences him within 90 days.  The Respondent has appealed the Court's March 31, 2008 Opinion & Order (ECF Doc. 28) and seeks this stay during the pendency of the appeal.  Cvijetinovic has not opposed the Respondent's motion to stay.  For the reasons stated below, the Court **GRANTS** the motion to stay.

In evaluating a motion to stay an order granting a writ of habeas corpus, the Court applies the standards generally applicable to a motion to stay a civil judgment. *See Hilton v. Braunskill*, 481 U.S. 770, 775-76 (1987).  In *Hilton*, the Supreme Court identified four factors for the Court to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id*. at 776; *see also Michigan Coalition of Radioactive Material Users, Inc. v. Greipentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

With respect to the first factor – likelihood of success on the merits -- the Court

acknowledges that the Magistrate Judge recommended that the Court deny Cvijetinovic's claim under *Blakely v. Washington*, 542 U.S 296 (2006), because he failed to raise *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2002), before the state courts. Although the Court rejected the Magistrate Judge's recommendation for the reasons stated in its March 31st Opinion & Order, the difference of opinion demonstrates that reasonable jurists could reach different conclusions on the issue.[1] In fact, the Court expressly acknowledged this in its March 31st Opinion & Order. Accordingly, the first factor arguably supports granting the motion to stay.

The second and third factors favor granting the motion to stay. The appeal in this case will undoubtedly take longer than the 90 days available to re-sentence Cvijetinovic pursuant to the March 31st Opinion & Order. The state is thus in an awkward position: if it does not re-sentence Cvijetinovic within 90 days and the Sixth Circuit affirms, it may lose the right to re-sentence him; on the other hand, re-sentencing Cvijetinovic now would effectively moot the appeal. In contrast

---

[1] The Court remains convinced that Cvijetinovic is entitled to relief with respect to his *Blakely* claim, however. First, the Respondent's brief ignores the Court's discussion regarding the proper interpretation of the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998). Similarly, although the Respondent cites Ohio cases in which the defendant arguably raised *Apprendi* in anticipation of *Blakely*, this does not necessarily establish that Cvijetinovic was *required* to raise a futile argument under *Apprendi*. In fact, the Court's March 31st Opinion & Order clarified that *Bousley* does not require a defendant to raise such an argument. In addition, it is important to distinguish situations in which the defendant must challenge his sentence under *Apprendi* from those in which *Blakely* is at issue. That is, a sentence violates the rule in *Apprendi* if it is based on judicial fact-finding and exceeds the statutory *maximum*, while a sentence violates the rule in *Blakely* if judicial fact-finding is used to enhance the sentence *within* the statutory range. A footnote in the Respondent's brief appears to gloss over this distinction by citing at least one case in which the defendant raised *Apprendi* because the sentence exceeded the statutory maximum for the proposition that Cvijetinovic should have challenged an enhancement within the statutory range under *Apprendi*. *See State v. Gates*, 2002 Ohio 4018, 2002 WL 1813843, at ¶12 (Ohio Ct. App. 2003).

to the burden on the state of denying the stay, Cvijetinovic is unlikely to be significantly harmed by a stay in this case. He has not opposed this motion to argue that a stay would be prejudicial in any way. Notably, the Court ordered that Cvijetinovic be re-sentenced, but did not order his immediate release. He began serving a sixteen year sentence in 1999 and still has almost half of his sentence to serve. The state court has already imposed a sixteen year term of incarceration twice and there is no reason to expect that Cvijetinovic would be sentenced to a substantially lesser sentence now. In fact, as the Court noted in its March 31st Opinion & Order, the state court could conceivably impose a longer sentence upon re-sentencing.

Lastly, although the Court found that Cvijetinovic's sentence was unconstitutional, it upheld his conviction for multiple violent felonies. The public has an interest in ensuring that sentences are constitutional, but it also has an interest in incarcerating convicted felons for a term within the guidelines established by the state legislature. Accordingly, the last factor also favors granting the Respondent's motion to stay.

After applying the four-factor test set forth in *Hilton*, 481 U.S. at 776, the Court concludes that the Respondent's motion to stay is well-taken.

## **CONCLUSION**

Accordingly, the Respondent's *Motion for Stay of Court's March 31, 2008 Judgment* (ECF Doc. 30) is **GRANTED**. The Court's March 31st Order (ECF Doc. 25) is **STAYED** pending the conclusion of the proceedings in the Sixth Circuit.

**IT IS SO ORDERED.**

                                               s/Kathleen M. McDonald
                                               KATHLEEN McDONALD O'MALLEY
**Dated: June 5, 2008**                UNITED STATES DISTRICT JUDGE